IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHELE R. SHADE | CASE NO. 17-60322 |
| Debtor | CHAPTER 7 |
| RICHARD KINDER | JUDGE RUSS KENDIG |
| Plaintiff | ADVERSARY NO. 17-06012 |
| vs | |
| MICHELE R. SHADE | AMENDED MOTION TO DISMISS FOR |
| | <u>FAILURE TO STATE A CLAIM</u> |
| Defendant | |

## FACTS

The within Complaint alleges that the debt owed by Debtor/Defendant is non-dischargeable under 11 U.S. Code Section 523(a)(9) which excludes from discharge any debt

> "(9) for death or personal injury caused by a debtor's
> operation of a motor vehicle, vessel, or aircraft if
> such operation was unlawful because the debtor
> was intoxicated from using alcohol, a drug, or
> another substance"

On June 6, 2006, the Debtor/Defendant, according to the Complaint as filed, was a passenger in a car owned by the Debtor/Defendant. There was an attempt to evade police officers by a non-debtor third party driver involved in the attempts to pull the car over, and there was a collision which as described in the Complaint, which was at least caused by the gross negligence of the driver. No criminal charges were filed against the Debtor/Defendant. One of the officers was injured, a suit was filed against the driver and the Debtor/Defendant, and judgment was granted against the driver for $35,000.00 compensatory and $65,000.00 punitive, and despite the allegation in the Complaint that the same judgment was granted

Debtor/Defendant, the copy of the entry attached to and incorporated into the Complaint indicated that no punitive damages were awarded to Plaintiff as against the Debtor/Defendant.

**ARGUMENT**

Civil Rule 12(b), made applicable to Bankruptcy cases by Bankruptcy Rule 7012, permits the defense of "Failure to State a Claim" to be raised by Motion.

In reviewing the Motion the Court assumes the allegations in the pleading are true. The Court then determines whether or not, under the facts as alleged, the Plaintiff has a possible claim for relief. <u>Ashcroft v Igbel 556 US 662, 129 S.Ct 1937, 173 L. EJ.2d 868, 77 USLW 4387 (2009), Trzehuckowski v City of Cleveland, 319 F. 3d 855 (6th Cir 2003).</u>

The language of the applicable statute makes non-dischargeable debts driving from the operation of a motor vehicle (and other specified devices) while intoxicated.

> Google defines "operate" as 1. (of a person) control
> the functioning of (a machine, process or system)

Thus, operation would not be present unless the person were in control of the device, i.e, the driver.

Statutory interpretation starts with the language of the statute itself. <u>Blum v Stevson 465 US 886, 104 S.Ct 1541, 79 L. Ed.2d 991 (1984)</u>. The statutory language construed as conclusive unless there is a clearly expressed legislative intention to the contrary. <u>Consumer Product Safety Commission v GTE Sylvania, Inc. 447 US 102, 100 S Ct. 2524, 69 L. Ed.2d 246 (1981)</u>

Further, exceptions to discharge are strictly construed against the objecting creditor. <u>Pazdzierz v First Am Title Ins. Co. 718 F.3d 582 (6th Circ. 2013)</u>.

It is hard to imagine a statute that is clearer. The word "owned" does not appear. The word "passenger" does not appear. The term "operation" does. The statute has been amended

since its initial enactment without the addition of the words "owned" or "passenger". The word "operation" is strictly construed against the Plaintiff, and cannot be extended to a passenger in a car that she owns.

Since, assuming all the facts set forth in the pleading, are true, there is no remedy available to the Plaintiff under 11 US Code Section 523(a)(9), the Complaint must be dismissed for failing to state a claim upon which relief can be granted.

/S/ Edwin H. Breyfogle
Edwin H. Breyfogle
Ohio Reg. No. 0000822
Attorney for Defendant
108 Third St NE
Massillon, OH 44646
(330) 837-9735
FAX (330) 837-8922
edwinbreyfogle@gmail.com

CERTIFICATE OF SERVICE

The undersigned certifies that on 20th day of June, 2017, a true and correct copy of the foregoing Motion was served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

| *John H. Bates | johnbateslaw@yahoo.com |
| *John H. Bates | batsejustice4all@aol.com |

/S/ Edwin H. Breyfogle
Edwin H. Breyfogle
Attorney for Defendant

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHELE R. SHADE | CASE NO. 17-60322 |
| Debtor | CHAPTER 7 |
| RICHARD KINDER | JUDGE RUSS KENDIG |
| Plaintiff | ADVERSARY NO. 17-06012 |
| vs | |
| MICHELE R. SHADE | |
| Defendant | |

## NOTICE OF MOTION

Michele R. Shade has filed a Motion to Dismiss.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to approve this Motion, or if you want the Court to consider your views on the Motion, then on or before **July 5, 2017** you or your attorney must file an objection with the Clerk, United States Bankruptcy Court, Ralph Regula Federal Building, 401 McKinley Ave, SW, Canton, OH 44702.

If you mail your objection to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also send a copy to:

Edwin H. Breyfogle, Attorney for Debtor, 108 Third St NE, Massillon, OH 44646

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: 6/20/17  /S/ Edwin H. Breyfogle
Edwin H. Breyfogle
Ohio Reg. No. 0000822
Attorney for Debtor
108 Third St NE
Massillon, OH 44646
(330) 837-9735