**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 04:45 PM October 4, 2017**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MICHELE R. SHADE, | ) | CASE NO. 17-60322- rk |
| | ) | |
| Debtor. | ) | ADV. NO. 17-6012- rk |
| _____ | ) | |
| | ) | JUDGE RUSS KENDIG |
| RICHARD KINDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| MICHELE R. SHADE, | ) | |
| | ) | |
| Defendant. | | |

Now before the court is Defendant's motion to dismiss for failure to state a claim, brought pursuant to Bankruptcy Rule 7012. Plaintiff opposes the motion.

1

The court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and the general order of reference entered by the United States District Court on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(I) and the court has authority to issue final entries. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### FACTS

On June 6, 2006, Michele R. Shade ("Defendant") was a passenger in her own vehicle, as it was being driven by a non-debtor third party, Clifford Brown. At that time, Richard Kinder ("Plaintiff"), an officer with the Columbus Police Department, was driving a marked police van. When the Sheriff's Department attempted to initiate a traffic stop, with Plaintiff on the scene as back-up, Brown tried to evade the police. A collision ensued between Defendant's vehicle and Plaintiff's van, injuring Plaintiff. Plaintiff alleges that both Defendant and Brown were intoxicated at the time. He also claims not only to have incurred medical expenses and lost wages, but to have received permanent injuries from the collision.

On January, 6, 2009, the Franklin County Court of Common Pleas entered a default judgment against both Defendant and Brown, awarding Plaintiff $35,000 in compensatory damages, and $65,000 in punitive damages against Brown. Punitive damages were not assessed against Defendant.

Defendant filed a chapter 7 bankruptcy case on February 22, 2017. Plaintiff commenced this adversary complaint on May 17, 2017, seeking nondischargeability under 11 U.S.C. § 523(a)(9). On June 16, 2017, Defendant filed a motion to dismiss for failure to state a claim.

### DISCUSSION

Rule 12(b)(6) of the Federal Rules of Civil Procedure, which permits a party to assert the defense of failure to state a claim upon which relief can be granted, applies to adversary proceedings through Fed. R. Bankr. Pro. 7012(b). Such a motion should generally not be granted unless it is "beyond doubt" that the plaintiff "can prove no set of facts in support of his claim that would entitle him to relief." Raine v. Lorimar Productions, Inc., 71 B.R. 450, 452-53 (Bankr. S.D.N.Y. 1987), citing to Conley v. Gibson, 355 U.S. 41, 47-48 (1957). In assessing a 12(b)(6) motion, the factual allegations put forth in the complaint must be taken as true, and viewed in the light most favorable to the plaintiff. Conley, supra, at 45-46.

A "debt" is statutorily defined as liability on a claim. 11 U.S.C. §§ 101(12), 101(5). Exceptions to discharge must be construed strictly against the creditor. Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert), 141 F.3d 277, 281 (6th Cir. 1998). Plaintiff in this case has claimed that part of Defendant's debt is nondischargeable under 11 U.S.C. § 523(a)(9), which addresses debts "for death or personal injury caused by the debtor's operation of a motor

2

vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." Plaintiff did mention an alternative theory of negligent entrustment in his initial complaint, but as there is no discharge exception under 11 U.S.C. § 523(a) for such conduct, the court will not consider it in assessing the strength of the claim.

The lawfulness of the vehicle's operation is to be analyzed under the laws of the jurisdiction in which it occurred. In re Carney, 68 B.R. 655 (Bankr. N.H. 1986); see also Rosado v. Colon (In re Rosado), 2011 Bankr. LEXIS 2776 (Bankr. P.R. 2011), *8 ("the claimant must prove [the vehicle] was being operated unlawfully under state law due to debtor's intoxication."). Both Plaintiff and Defendant stipulate that Defendant, though the owner of the vehicle, was not driving at the time of the collision. Under Ohio law, however, that does not mean that she could not have been in "operation" of the car. The Ohio Revised Code defines "operation" of a vehicle as "to cause or have caused movement of a vehicle, streetcar, or trackless trolley." Ohio Rev. Code § 4511.01(HHH). Under such definition, the movement can be accomplished from beyond the driver's seat, such as when a passenger grabs the steering wheel. See, e.g., State v. Wallace, 166 Ohio App.3d 845, 2006-Ohio-2477 (1st Dist. 2006); State v. Pope, 2d Dist. Montgomery No. 27231, 2017-Ohio-1308. This understanding of "operation" can even apply to someone steering an inactive vehicle from the driver's seat while another party pushes from behind. City of Strongsville v. Johnson, 8th Dist. Cuyahoga No. 104577, 2017-Ohio-7066, ¶7.

What the case law does *not* appear to include within the scope of the clause is the mere act of surrendering one's keys to another person and becoming a passenger. Plaintiff does not claim that Defendant was driving, nor that she at any point reached out and touched the steering wheel, the brakes, or the accelerator. Instead, Plaintiff assumes a more abstract posture, arguing that because Defendant at one point handed the keys to Brown, she "caused" the vehicle's movement, and therefore engaged in its operation. There is, however, nothing within the statutory language, nor in the opinions of the multiple courts who have addressed that language, to indicate that such an unlikely meaning was intended by the legislature. Unless there is a "clearly expressed legislative intention to the contrary," the language of a statute must be regarded as "conclusive." Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980). If the lawmakers had intended to loop a negligent-entrustment view of causation into the statute, there is no reason to believe that they would not have explicitly done so. Plaintiff has provided plenty of case citations, but none that support his particular reading of the statute's plain language.

Even viewing the facts of the case in the light most favorable to the Plaintiff, there has been no demonstration of a set of circumstances under which Defendant permitting another person to drive her vehicle satisfies the statutory requirement that she caused the movement of the vehicle herself. Having failed to satisfy 11 U.S.C § 523(a)(9), there is therefore no exception to discharge applicable to the debt in question. The court will grant the Defendant's motion for dismissal by separate order.

# # #

**Service List:**

**John Harold Bates**
495 S. High Street
Suite 400
Columbus, OH 43215

**Edwin H. Breyfogle**
108 Third Street NE
Massillon, OH 44646